Case 2:16-cv-00225   Document 26   Filed in TXSD on 01/31/17   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE F. GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-225 |
| | § | |
| MCCONNELL UNIT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS CASE**

Plaintiff Jose Fidencio Garza is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 complaining of retaliation and deliberate indifference to his medical needs. This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

The undersigned recommends Plaintiff's complaint be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. Further, Plaintiff's complaint is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has not

filed a more definite statement as ordered by the undersigned. Finally, it is recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A. Procedural Background

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville Texas. He filed his original complaint on June 13, 2016, alleging Lieutenant Jennifer Herbst denied Plaintiff access to the courts and had retaliated against him by filing false disciplinary cases. (*See* D.E. 1, p. 2 in Case Number 2:16-cv-225). On August 18, 2016, the undersigned recommended Plaintiff's case be dismissed because Plaintiff had failed to comply with orders to either pay the filing fee or submit an application to proceed *in forma pauperis*. (D.E. 5 in Case Number 2:16-cv-225). The initial memorandum and recommendation was withdrawn because Plaintiff filed a related cause of action with a completed application to proceed *in forma pauperis* in *Garza v. McConnell Unit*, No. 2:16-cv-414 (S.D. Tex. filed Sept. 28, 2016).

In Case Number 2:16-cv-414, Plaintiff alleges he has been subjected to a campaign of harassment which amounts to retaliation in violation of the First and

---

[1] Plaintiff has had at least one prior case dismissed as frivolous under §1915(g). *See Garza v. Currie,* Case No. 2:15-cv-155 (S.D. Tex. filed Apr. 2, 2015). Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* § 1915(g).

Fourteenth Amendment. Plaintiff named the following McConnell Unit officials or employees as defendants: (1) Lieutenant Jennifer Herbst, (2) Liuetenant Christy Garcia, (3) Sergeant Michael Bustos, (4) Physician's Assistant Erick Echavary, and (5) the McConnell Unit. (*See* D.E. 1 and D.E. 1-1 in Case Number 2:16-cv-414).

Plaintiff's cases were consolidated and Case Number 2:16-cv-414 was administratively closed. All future filings were directed to be filed in Case Number 2:16-cv-225. (*See* D.E. 11, in Case Number 2:16-cv-225). Plaintiff was granted leave to proceed *in forma pauperis* and because his complaints were sufficiently related, Plaintiff was only ordered to pay a single filing fee. (*See* D.E. 15, in Case Number 2:16-cv-225).[2]

A *Spears*[3] hearing was held on December 5, 2016 where Plaintiff was given an opportunity to explain his claims. Plaintiff was unable or unwilling to articulate his claims with any degree of clarity during the hearing which lasted approximately 40 minutes. Because Plaintiff's written claims are unintelligible and because Plaintiff was unable to explain his claims at the *Spears* hearing, Plaintiff was ordered to file an amended complaint within two weeks of the Spears hearing. Plaintiff was ordered to list each defendant by name and explain in his own words what each defendant did to violate his rights. (*Spears* hearing, Dec. 5, 2016, at 2:46:14). Plaintiff was orally admonished failure to comply may result in his case being dismissed. (*Spears* hearing, Dec. 5, 2016, at 2:47:07).

---

[2] Unless otherwise noted, all subsequent citations to the Court's docket will be to docket entries (D.E.) in Case Number 2:16-cv-225.
[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On December 5, 2016, after the *Spears* hearing, the undersigned also entered a written order requiring Plaintiff to file a more definite statement. (D.E. 20). Plaintiff received the Order for More Definite Statement on December 20, 2016. (D.E. 25). The Order for More Definite Statement (D.E. 20) explained to Plaintiff his claims are not clearly stated and the Court does not have sufficient facts to evaluate his claims. Plaintiff was cautioned that the Court will not consider any claim not listed in his more definite statement. Further, Plaintiff was cautioned his case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he fails to comply with the Order. (D.E. 20). On December 16, 2016, Plaintiff was granted a thirty day extension to amend his pleadings and file a more definite statement which complies with the undersigned's December 5, 2016 order. (D.E. 22). Plaintiff's deadline was extended until January 16, 2017.

On December 22, 2016, Plaintiff filed an amended complaint (D.E. 24). The amended complaint does not comply with the undersigned's oral order to Plaintiff at the *Spears* hearing to list each defendant by name and explain in his own words what each defendant did to violate his rights. (*Spears* hearing, Dec. 5, 2016, at 2:46:14). Rather, the amended complaint is 17 handwritten pages of unintelligible verbiage consisting primarily of general propositions of law, citations to cases and conclusory statements that Plaintiff's rights have been violated. (D.E. 24, pp. 1-17). The handwritten portion of the amended complaint is followed by 58 pages which consist primarily of grievances where Plaintiff complains of a number of matters, including (1) disciplinary cases Plaintiff received, (2) overcrowding at the dining facility, (3) Plaintiff's eyeglasses being

misplaced, (4) not receiving indigent supplies, (5) TDCJ officials not properly handling his grievances, (6) his complaint, apparently on behalf of other inmates, that TDCJ does not issue razors to Muslim inmates to trim their beards, and (7) Plaintiff's medication being cancelled. Plaintiff alleges in the handwritten portion of his amended complaint that he submitted these grievances to show Plaintiff has been deprived of his liberty as punishment for what others have done. (D.E. 24, p. 14).

Despite being granted a thirty day extension until January 16, 2017, Plaintiff has not complied with the undersigned's order to file a more definite statement.

### B. Plaintiff's Claims

Construing Plaintiff's pleadings liberally and considering Plaintiff's testimony at the *Spears* hearing the undersigned construes Plaintiff's claims as follows:

#### 1. Retaliation

Plaintiff alleges in his amended complaint that he has suffered retaliation for utilizing the TDCJ grievance system. (D.E. 24, p. 4). Plaintiff explains that after filing a grievance requesting better medical attention, defendant Lieutenant Jennifer Herbts "made an arrest that was unlawful." (D.E. 24, p. 5). Plaintiff appears to have received a TDCJ disciplinary case for being out of place during the early morning hours when breakfast was being served on June 5, 2016. (D.E. 24, p. 5). Plaintiff alleges the disciplinary case resulted in a loss of privileges, including the loss of his privilege to have contact visits with family members for a year or longer. (D.E. 24, p. 6). Further, Plaintiff testified during the *Spears* hearing the discipline also included loss of good time, loss of commissary privileges, and loss of recreation time. (*Spears* hearing, Dec. 5, 2016, at

2:26:23). Plaintiff's grievance regarding this disciplinary case was denied by TDCJ officials and Plaintiff has not otherwise successfully challenged the disciplinary case in a habeas proceeding or otherwise. (*Spears* hearing, Dec. 5, 2016, at 2:27:46).

Plaintiff also alleges Lieutenant Christi L. Garcia falsified a disciplinary case against Plaintiff for failure to obey an order. The incident giving rise to the disciplinary case involves Plaintiff's disagreement with Lieutenant Garcia over her instructions to Plaintiff to sit in an area that was not in the vicinity of a cooling fan. Plaintiff received a disciplinary case after he expressed his disagreement to Lieutenant Garcia. Plaintiff was assessed prison discipline punishment similar to the prior case. (*Spears* hearing, Dec. 5, 2016, at 2:30:02). Plaintiff alleges the disciplinary case was part of a campaign of harassment against him. (D.E. 24, p. 14). Plaintiff's grievance regarding the second disciplinary case was denied and Plaintiff has not otherwise successfully challenged the disciplinary case in a habeas proceeding or otherwise. (*Spears* hearing, Dec. 5, 2016, at 2:30:41).

Plaintiff has further alleged Sergeant Michael Bustos falsified a disciplinary case against Plaintiff. Plaintiff alleges Sergeant Bustos falsely stated that Plaintiff had threatened Sergeant Bustos and that Plaintiff had failed to follow an order. (D.E. 24, p. 16). Plaintiff does not provide any further information about the incident or disciplinary case.

Plaintiff alleges the results of these disciplinary cases were unfair and that they were imposed as retaliation for his using the prison grievance system. (*Spears* hearing, Dec. 5, 2016, at 2:31:51).

### 2. Deliberate Indifference to Medical Needs

Plaintiff alleges he suffers extreme pain, loss of balance and has difficulty standing or sitting for extended periods of time. (D.E. 24, p. 9). Plaintiff does not explain the nature of his medical condition in the instant case. However, in *Garza v. Currie,* Case No. 2:15-cv-155 (S.D. Tex. July 13, 2015)(order dismissing case) Plaintiff explained he was assaulted at a homeless shelter prior to being incarcerated and was later involved in a serious car accident. These incidents resulted in Plaintiff sustaining serious injuries to his head, face, neck and back. In May 2014, Plaintiff was transferred from the McConnell Unit to the Jester III Medical Unit to receive pain management therapy. In April 2015, he was transferred from the McConnell Unit to the Estelle Unit to receive physical therapy. In the prior case, Plaintiff reported he was receiving Ibuprofen, 600 mg., three-times a day and Nortriptyline, 50 mg., once a day, to help control his pain. (*See* D.E. 25, pp. 3-4, in Case Number 2:15-cv-155). Plaintiff has since been reassigned to the McConnell Unit. Plaintiff does not allege whether he is currently receiving inadequate medical care or how his medical care is deficient.

Plaintiff further alleges he has a medical restriction which cautions against Plaintiff being subjected to excessive heat. Plaintiff alleges this heat restriction was violated when he was housed in 11 building in the McConnell Unit where the heat index was over 103 degrees. (D.E. 24, p. 11). Plaintiff alleges the ventilation was poor and the unit was filled with smoke and poisonous gasses and that he had to lay on the floor to avoid injury. (D.E. 24, p. 11). On July 4, 2016, Plaintiff filed a grievance regarding this matter. (D.E. 1-1, p. 22 in case number 2:16-cv-414). The grievance response indicates

Plaintiff was reassigned to a medical squad on July 7, 2016 and the issue was considered resolved. (D.E. 1-1, p. 22 in Case Number 2:16-cv-414).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of

facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff testified at the *Spears* hearing he is not suing Defendants in their individual capacity, but rather he is bringing the case against Defendant's in their official

capacity.[4] (*Spears* hearing, Dec. 5, 2016, at 2:43:22). He testified he was bringing the action against the McConnell Unit or the State of Texas because "they are responsible for their violating conduct." (*Spears* hearing, Dec. 5, 2016, at 2:43:24).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state…." Const. Amend. XI. This withdrawal of jurisdiction effectively confers immunity from suit. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 144 (1993). When a plaintiff files suit against state officials in their official capacities, the lawsuit is effectively one against the State. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). That is, a claim for monetary damages against a state official in his or her official capacity is "no different from a suit against the state itself," and consequently, is barred by the Eleventh Amendment.[5] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011)("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."). The Fifth Circuit has repeatedly held that the Eleventh Amendment bars claims for money damages against TDCJ officers in their official capacities. *See e.g., Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

---

[4] "I'm not suing them personally even though there may be a way to do it somewhere down the road." (*Spears* hearing, Dec. 5, 2016, at 2:43:46).

[5] The Eleventh Amendment does not bar a plaintiff's claim for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 159 (1908) (establishing exception to Eleventh Amendment immunity in cases where the alleged constitutional violation is caused by a state official's actions or refusal to act within the authority of his or her office). However, to the extent Plaintiff sought injunctive relief against the McConnell Unit Defendants in this case, Plaintiff has failed to allege a non-frivolous claim for the reasons set forth below.

Plaintiff's claims against Defendants in their official capacities and against the McConnell Unit for money damages are barred by the Eleventh Amendment. *See Frew v. Hawkins,* 540 U.S. 431, 437 (2004). Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities and the McConnell Unit be dismissed with prejudice as barred by the Eleventh Amendment. The undersigned further recommends that to extent Plaintiff is suing for injunctive relief, those claims be dismissed for failure to state a claim and/or as frivolous because Plaintiff has not stated any violation of his rights as explained in more detail below.

**B.     Retaliation**

Plaintiff claims the Defendants retaliated against him for filing grievances about various aspects of Plaintiff's confinement. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*. The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff's allegations of retaliation are purely conclusory. Even after being giving an opportunity to amend his complaint and testify at the *Spears* hearing, Plaintiff has offered nothing other than his conclusory allegations. Plaintiff complains he received false disciplinary cases for filing grievances, however, his disagreements with the TDCJ disciplinary process does not amount to retaliation.

Further, Plaintiff's claims for damages challenging the constitutionality of his disciplinary hearings are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*,

512 U.S. at 486-87.  The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).  The *Heck* doctrine also operates to bar prisoners from challenging the punishment imposed by a disciplinary proceeding through a § 1983 action.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[Plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims that were fundamentally intertwined with his request for restoration of good-time credits).

Finally, to the extent Plaintiff is attempting to raise a claim about deficiencies with the TDCJ grievance system, this allegation fails to state a cognizable constitutional claim.  *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor).

Therefore the undersigned recommends that Plaintiff's claims involving alleged retaliation be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### C. Deliberate Indifference to Medical Needs

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303.(1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837. Furthermore, negligent medical care does not constitute a valid § 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); s*ee also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("[I]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).

Plaintiff fails to state a cognizable claim against any of the defendants because he has not alleged what his serious medical condition is or how his medical care has been deficient. His complaints about being in pain from a prior incident and having a medical heat restriction do not allege a deficiency in his medical care let alone a claim for deliberate indifference. Again, Plaintiff's claims relating to his medical care are conclusory and are devoid of any details that would allow the Court to evaluate his claims. Further, Plaintiff's testimony and pleadings in *Garza v. Currie,* Case No. 2:15-cv-155 (S.D. Tex. July 13, 2015) establish Plaintiff has previously been assigned to the Jester III Medical Unit to receive pain management therapy, the Estelle Unit to receive physical therapy and that he has received medication for pain management. (*See* D.E. 25, pp. 3-4, in Case No. 2:15-cv-155). This is some indication that Plaintiff's medical needs are being attended to by TDCJ officials.

Therefore the undersigned recommends that Plaintiff's claims alleging deliberate indifference to his medical needs be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**D. Non-compliance with Order to file a More Definite Statement**

On December 5, 2016, the undersigned entered a written order requiring Plaintiff to file a more definite statement. (D.E. 20). Plaintiff received the order on December 20, 2016. (D.E. 25). Plaintiff was granted an extension until January 16, 2017. (D.E. 22). Plaintiff has failed to comply with the undersigned's written order.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or

any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541 (5th Cir. 1978). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay and the imposition of lesser sanctions would be futile. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). Plaintiff was cautioned during the *Spears* hearing that his case was subject to dismissal for failing to state a claim. The order for a more definite statement also cautioned Plaintiff his case was subject to dismissal for failure to comply. (D.E. 20, pp. 2, 5).

The undersigned recommends the Court consider Plaintiff's failure to comply with court orders when ruling on this memorandum and recommendation and that Plaintiff not be given further leave to amend.

## V. CONCLUSION

Plaintiff has failed to state cognizable constitutional claims against the named Defendants herein. Therefore, it is respectfully recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further recommended that this dismissal

count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 31st day of January, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).